UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA BRANSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

    Defendant.

No. 2:17-cv-1787-EFB

MEMORANDUM AND ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. ECF Nos. 23 & 26. For the reasons discussed below, plaintiff's motion for summary judgment is granted and the Commissioner's motion is denied.

I.    BACKGROUND

Plaintiff applied for SSI on January 21, 2014. Administrative Record ("AR") at 174 - 182. Her application was denied initially and upon reconsideration. *Id.* at 96 - 109. Plaintiff requested a hearing before an administrative law judge (*id.* at 110) and, on February 4, 2016, a hearing was held before administrative law judge ("ALJ") Mark C. Ramsey. *Id.* at 569.[1]

---

[1] The relevant hearing transcript was included in a supplemental filing. ECF No. 19.

1

On March 23, 2016, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[2] *Id*. at 21-40. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since December 31, 2013,[3] the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: obesity, bipolar disorder, and methamphetamine dependence (in remission) (20 CFR 416.920(c)).

\* \* \*

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

[3] The application, as the Commissioner points out in her brief, is dated January 21, 2014. ECF No. 26 at 3; AR at 174.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

   * * *

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.927(b) with occasional lifting of 20 pounds, frequent lifting of 10 pounds, standing for six hours in an eight-hour workday, sitting for six hours in an eight-hour workday; occasional climbing ladders, ropes and scaffolds; frequent climbing of ramps and stairs; occasional kneeling and crawling; frequent balancing, stooping, and crouching, and can perform simple, unskilled, nonpublic work with only occasional fellow employee contact.

   * * *

5. The claimant is unable to perform any past relevant work (20 CFR 416.925).

   * * *

6. The claimant was born [in] 1963 and was 50 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

   * * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 31, 2013, the date the application was filed (20 CFR 416.920(g)).

    * * *

*Id.* at 17-28.

Plaintiff's request for Appeals Council review was denied on February 24, 2017, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

/////

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred in: (1) rejecting examining physician Dr. Jeffery Karon's conclusion that plaintiff's obesity and deconditioning limited her to a maximum of four hours standing; and (2) failing to account for all of plaintiff's limitations in the Residual Functional Capacity Assessment ("RFC"). She argues that these errors warrant remand for additional administrative proceedings. The court agrees.

### A. Rejection of Dr. Karon's Standing Limitation

Dr. Karon examined plaintiff on March 16, 2014. AR at 362. He noted that plaintiff was "able to walk without problems," but also observed that she was obese and that "[e]ven the act of taking her shoes on and off causes some shortness of breath." *Id.* at 362-64. Based on his examination, Dr. Karon concluded that plaintiff could stand for "up to four hours." *Id.* at 365.

With respect to Dr. Karon's opinion, the ALJ determined:

> The opinion of Dr. Karon, a consultative examiner, is given some weight. He opined that the claimant was limited to lifting 50 pounds and standing to four hours [citation omitted]. The medical evidence indicates that the claimant is capable of standing for six hours in an eight-hour workday. She does not utilize an assistive device and she has a normal gait. A more restrictive lifting limitation is warranted due to evidence of her deconditioning and obesity.

*Id.* at 25.

The court concludes that the ALJ failed to offer specific and legitimate reasons for discounting the standing limitation recommended by Dr. Karon. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where, on the other hand, a nontreating source's opinion contradicts that of the treating physician but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician, the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record.").[4] First, the ALJ's vague invocation of "the medical evidence" is insufficiently specific to support the conclusion that a six hour standing limitation – rather than four – is more appropriate. Absent particular citations to the record, this court cannot determine what evidence the ALJ actually relied on in making this determination. And even if this court presumes that the "the medical evidence" is a shorthand for the opinions of the agency medical consultants, the ALJ's findings would still be deficient insofar as he offers no rationale as to why the consultants' findings should be credited over Dr. Karon's.

Second, the ALJ's unadorned observation that plaintiff does not utilize an assistive device and has a normal gait fails to justify the conclusion that she can stand for six hours. The ALJ cites no medical evidence correlating normal ambulation with standing endurance, and is it not obvious or self-evident that the former speaks to the latter. Indeed, as referenced *supra*, Dr. Karon himself noted plaintiff's ability to walk without problems, but still found a four-hour limitation appropriate based on her deconditioning. AR at 365.

---

[4] Dr. Karon's opinion as to the standing limitation was contradicted by state agency medical consultants, who concluded that plaintiff could stand or walk approximately six hours in an eight-hour workday. AR at 71, 86.

B. <u>Failure to Account for All Limitations in the RFC</u>

Plaintiff notes that, on March 20, 2014, examining physician Richard Hicks provided a mental RFC assessment which, *inter alia*, concluded that plaintiff's "consistency and regularity would be quite limited." AR at 371. She argues that, despite accepting Dr. Hicks' opinion (*id.* at 25), the ALJ failed to address the consistency and regularity limitation in the RFC.[5] The Commissioner agrees that the ALJ omitted this limitation in the RFC, but argues that the error was harmless. She points to the fact that, at the oral hearing, a hypothetical including those limitations was posed to the vocational expert ("VE") and the VE determined that three jobs were still available to plaintiff. ECF No. 26 at 12. The court disagrees with this interpretation of the hearing testimony.

At the hearing, the ALJ initially posed the hypothetical that:

> [T]he Claimant could lift 20 pounds occasionally, 10 pounds frequently, stand/walk six out of eight, sit six out of eight, climb ramps, stairs frequently, ladders, ropes occasionally, balancing frequently, stooping frequently, kneeling occasionally, crouching frequently, crawling occasionally. . . . Mentally she's limited to simple, unskilled, non-public work with only occasional fellow employee contact.

AR at 587-88. The VE identified three jobs plaintiff could perform under these limitations – (1) electrical accessories assembler; (2) collator operator; and (3) bottle packer. *Id.* at 588. The ALJ then took input from plaintiff's counsel, at which point the latter raised the issue of plaintiff's limited consistency and regularity. *Id.* at 588-89. The ALJ noted that those terms were in the assessment, but undertook no effort to define them for the purposes of subsequent hypotheticals.

/////

/////

---

[5] *See* SSR 96-8p, 1996 SSR LEXIS 5 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations) . . . . The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."); SSR 96-8p, 1996 SSR LEXIS 5 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

6

*Id.* at 589. He went on to pose the following hypothetical:

> Same as hypo number one, but we're adding to it jobs with little change in the routine, jobs where you're doing simple unskilled work with little change in the routine, there wouldn't be changes in the routine, would the three jobs you identified still exist?

*Id.* at 589. The VE agreed they would. *Id.* at 589-90. The Commissioner points to this answer as indicative of the harmlessness of the ALJ's RFC error. But it is not clear that this hypothetical actually accounted for the consistency and regularity limitation posed by Dr. Hicks. The limitation, taken on its face, indicates that plaintiff's own consistency and regularity are limited; not that she would necessarily be a fit for jobs with unvaried routines. A job might be simple and unchanging, but still require a high degree of consistency or regularity from one employed to perform it.[6] Thus, the court cannot conclude on the basis argued by the Commissioner that the ALJ's error was harmless.

IV. CONCLUSION

Plaintiff herself argues that remand for additional administrative proceedings, rather than an award of benefits, is appropriate. ECF No. 23 at 12. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 23) is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 26) is DENIED;
3. This matter is REMANDED for additional administrative proceedings; and
4. The Clerk is directed to enter judgment in the Plaintiff's favor and close the case.

DATED: March 4, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[6] The court notes that a subsequent hypothetical asked whether someone with the same limitations as the first hypothetical would still be able to find full-time employment if they were "off-task" fifteen percent of the time. AR at 590. The VE responded that no job titles would be available for such a person. *Id.*

7